UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK | : | |
| | : | |
| VS. | : | C.A.NO. 07-72-ML-LDA |
| | : | |
| BARBARA A. JOSLIN, | : | |
| LORI A. JOSLIN, | : | |
| ESTATE OF CLIFFORD H. | : | |
| JOSLIN, | : | |
| CAPITAL ONE BANK, | : | |
| UNITED STATES OF AMERICA | : | |
| INTERNAL REVENUE SERVICE | : | |

**PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

Now comes the plaintiff, WASHINGTON MUTUAL BANK, and respectfully petition the Court for leave to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. A copy of the proposed amended complaint is attached.

This amendment is necessary and proper and should be allowed for the reason that the plaintiff failed to set forth the statutory basis for federal district court jurisdiction in the complaint originally filed. The plaintiff asserts that the same will more fully and accurately set forth the claim of the plaintiff and that the granting of this motion will be in furtherance of justice.

WHEREFORE, the plaintiff prays that leave be granted to serve and file the proposed amended complaint.

WASHINGTON MUTUAL BANK
Plaintiff
By its attorney,

/S/ Mark L. Smith

Mark L. Smith (#0676)
Park Square Place
176 Eddie Dowling Highway
Suite 101
No. Smithfield, RI 02896
Telephone: (401) 769-4120
Facsimile: (401) 597-0997

**CERTIFICATION**

I hereby certify that, on the 19th day of September, 2007, this document was filed electronically in accordance with the Federal Rules of Civil Procedure and a copy of the foregoing pleading was served upon counsel of record as follows:

Via Electronic Mail through Electronic Case filing to the following:

E. Martin Stutchfield, Esq.
WINOGRAD, SHINE & ZACKS, PC
123 Dyer St.
Providence, RI 02903
emstutchfield@wszlaw.com

U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, DC 20044
alex.t.case@usdoj.gov

By regular first class mail, postage prepaid, to the following:

Louis B. Abilheira, Esq.
957 Main Street
Warren, RI 02885

United States Attorney
50 Kennedy Plaza
Providence, RI 02903

Internal Revenue Service
Area Director
P.O. Box 9112
Stop 20800
JFK Federal Bldg.
Boston, MA 02203

/S/ Mark L. Smith

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK | : | |
| | : | |
| VS. | : | C.A.NO. 07-72-ML-LDA |
| | : | |
| BARBARA A. JOSLIN, | : | |
| LORI A. JOSLIN, | : | |
| ESTATE OF CLIFFORD H. | : | |
| JOSLIN, | : | |
| CAPITAL ONE BANK, | : | |
| UNITED STATES OF AMERICA | : | |
| INTERNAL REVENUE SERVICE | : | |

**PROPOSED FIRST AMENDED**
**COMPLAINT FOR INTERPLEADER**

1. The plaintiff, WASHINGTON MUTUAL BANK, is a corporate entity having a usual place of business at 2210 Enterprise Drive, Florence, South Carolina, 29501.

2. The defendant, BARBARA A. JOSLIN, is an individual with a last and usual abode at 505 Lake Henry Drive, Winter Haven, Florida, 33881.

3. The defendant, LORI A. JOSLIN, is an individual with a last and usual abode at 148A Ten Rod Road, Exeter, Rhode Island, 02822.

4. The defendant, CLIFFORD H. JOSLIN (deceased), died a resident of the Town of Exeter, Rhode Island, on August 26, 1999, and that his estate, should it be probated, would be subject to probate in said Town of Exeter. However, to date, no such probate estate has been commenced in the Town of Exeter with regard to said decedent.

5. The defendant, CAPITAL ONE BANK, is a corporate entity doing business in the State of Rhode Island and is currently represented by E. Martin Stutchfield, Esq., with regard to the claims referred to herein.

6. The defendant, UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, is a governmental entity having a usual place of business at 25 New Sudbury Street, Stop 20800, Boston, Massachusetts, 02203.

**JURISDICTION**

7. Jurisdiction rest in the United States District Court for the District of Rhode Island pursuant to the provisions of 26 U.S.C. 7426, as the Internal Revenue Service is a party to this action regarding surplus proceeds.

**INTERPLEADER and COMPLAINT FOR RELIEF**

8. The plaintiff, WASHINTON MUTUAL BANK, at all times relevant hereto was holder by assignment of a mortgage encumbering real property located at 148A Ten Rod Road, Exeter, Rhode Island, by virtue of the granting of same by CLIFFORD H. JOSLIN (deceased 8/26/1999), LORI A JOSLIN and BARBARA A. JOSLIN. Said mortgage was dated July 30,, 1999, and was recorded with the Records of Land Evidence for the Town of Exeter, Rhode Island, in Book 119 at Page 489.

9. By virtue of various mergers and assignments, the plaintiff, WASHINTON MUTUAL BANK, was the holder of said interest as first mortgagee.

10. On or about September 5, 2006, the plaintiff, WASHINTON MUTUAL BANK, foreclosed on said mortgage on the aforementioned real estate by exercising the Power of Sale contained therein. The proceeds from the foreclosure sale conducted at the premises by public auction totaled Three Hundred Eighty Thousand Dollars ($380,000.00) which sum was bid by a third party.

11. After crediting itself with all proper charges, expenses of foreclosure and payment of the balance due, the plaintiff as foreclosing mortgagee, now holds in its possession surplus funds in the amount of Two Hundred Seven Thousand Six Hundred Seventy-Two Dollars and Forty-Seven Cents ($207,672.47), plus interest, and has no personal interest in said funds.

12. By reason of conflicting interest of the defendants named herein, plaintiff is in doubt as to which of said defendants are entitled to said foreclosure surplus proceeds and in what amounts.

13. As of the date of the foreclosure sale (September 5, 2006), the defendants, BARBARA A. JOSLIN and LORI A. JOSLIN, were the only living then-owners of the foreclosed premises, which may give rise to an interest in said foreclosure surplus proceeds.

14. As of the date of the foreclosure sale (September 5, 2006), the defendant, CLIFFORD H. JOSLIN, had already died and, as of that date, no probate proceedings had been commenced with regard to the estate in the Town of Exeter, Rhode Island. To that end, the plaintiff is unable to determine the nature of the estate's interest in said foreclosure surplus proceeds, if any.

15. With regard to the defendant, THE ESTATE OF CLIFFORD H. JOSLIN, no federal estate tax return has been filed and, therefore, the plaintiff is unable to determine the nature of the interest of the defendant, UNITED STATE OF AMERICA INTERNAL REVENUE SERVICE. It is noted, however, that an estate tax return has been filed with the Rhode Island Division of Taxation and a discharge of the estate tax lien with regard to the subject foreclosed premises was recorded in the Town of Exeter on or about July 13, 2001, in Book 143 at page 246.

16. As of the date of the foreclosure sale (September 5, 2006), the defendant, CAPITAL ONE BANK, was the holder of an execution, dated August 15, 2005, against the defendant, LORI A. JOSLIN, issued by the Fourth Division District Court of Rhode Island in the sum of Four Thousand One Hundred Sixty Dollars and Fifteen Cents (exclusive of post-judgment statutory interest), which execution was recorded in the Town of Exeter on or about September 9, 2005, at Book 275, Page 107. This execution gives rise to a interest in said foreclosure surplus proceeds.

WHEREFORE, the plaintiff respectfully request that this Court order as follows:

(1) That the plaintiff be authorized and directed to pay into the Court the sum of Two Hundred Seven Thousand Six Hundred Seventy-Two Dollars and Forty-Seven Cents ($207,672.47), plus interest, less its reasonable attorney's fees, expenses and costs incurred in bringing this interpleader complaint;
(2) That the defendants be temporarily and permanently restrained and enjoined from instituting or prosecuting further action or proceeding against the plaintiff in any Court regarding the foreclosure surplus;
(3) That the defendants be ordered to interplead and litigate their respective rights or claims to said foreclosure surplus deposited into the Court;
(4) That a judgment be entered discharging plaintiff from all liability to anyone in the count of said foreclosure surplus proceeds as deposited into the Court;
(5) That the plaintiff be awarded its costs and reasonable attorney's fees in brining this interpleader and deduct the same from the foreclosure proceeds; and,
(6) Such further relief as it deems just and appropriate.

WASHINTON MUTUAL BANK
Plaintiff
By its attorney,

/S/ Mark L. Smith
Mark L. Smith (#0676)
Park Square Place
176 Eddie Dowling Highway
Suite 101
No. Smithfield, RI 02896
Telephone: (401) 769-4120
Facsimile: (401) 597-0997

DATED: September 19, 2007

**CERTIFICATION**

I hereby certify that, on the 19th day of September, 2007, this document was filed electronically in accordance with the Federal Rules of Civil Procedure and a copy of the foregoing pleading was served upon counsel of record as follows:

Via Electronic Mail through Electronic Case filing to the following:

E. Martin Stutchfield, Esq.
WINOGRAD, SHINE & ZACKS, PC
123 Dyer St.
Providence, RI 02903
emstutchfield@wszlaw.com

U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, DC 20044
alex.t.case@usdoj.gov

By regular first class mail, postage prepaid, to the following:

Louis B. Abilheira, Esq.
957 Main Street
Warren, RI 02885

United States Attorney
50 Kennedy Plaza
Providence, RI 02903

Internal Revenue Service
Area Director
P.O. Box 9112
Stop 20800
JFK Federal Bldg.
Boston, MA 02203

/S/ Mark L. Smith