UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK | : | |
| | : | |
| VS. | : | C.A.NO. 07-72-ML-LDA |
| | : | |
| BARBARA A. JOSLIN, | : | |
| LORI A. JOSLIN, | : | |
| ESTATE OF CLIFFORD H. | : | |
| JOSLIN, | : | |
| CAPITAL ONE BANK, | : | |
| UNITED STATES OF AMERICA | : | |
| INTERNAL REVENUE SERVICE | : | |

**PRE-TRIAL SUMMARY FILED ON BEHALF OF WASHINGTON MUTUAL BANK**

SUMMARY OF THE FACTS

Upon information and belief, the respondent, Barbara Joslin (hereinafter "Barbara"), owned certain property located at 148A Ten Rod Road in Exeter, Rhode Island. At some point in time, Barbara deeded this property to herself, and her fellow respondents, her son Clifford Joslin (hereinafter "Clifford") and her daughter-in-law Lori Joslin (hereinafter "Lori"), all as joint tenants, at some point in time. The mortgage in question, in favor of Fleet Mortgage Corp., was taken out on July 30, 1999. Clifford died in a motor cycle accident less than one month later on August 26, 1999. On July 27th, 2000, Barbara deeded her remaining interest to Lori as the surviving joint tenant.

Lori eventually defaulted on the mortgage, which mortgage had been assigned to the petitioner, Washington Mutual Bank. It is noted for reference that Barbara, Clifford and Lori were all parties to this mortgage. The mortgage was foreclosed by Washington Mutual Bank on September 5, 2006. The property was purchased at foreclosure by a third party for $380,000.00. After payment of the mortgage balance and all foreclosure

related expenses, a surplus of $207,672.47 existed. To that end, an interpleader was required to determine the ownership interests of the various parties in said surplus. This action followed.

## THE RESPONDENTS

Barbara Joslin was included as a respondent to this action because, as she was a party to the mortgage foreclosed upon, it was considered that she might have some unrecorded interest in the property and, therefore, the petitioner thought it prudent to include her as a party to any litigation to determine ownership of the excess funds. Counsel for the petitioner has heard from an attorney who indicated that they intended to represent Barbara but, to date, no entry has been made. However, out of an abundance of caution, that attorney was put on notice regarding this pretrial conference both by facsimile and by phone.

The Estate of Clifford Joslin is a party only in that is a concern about whether federal estate taxes may be owed by the estate and, as such, might constitute a lien creating an interest in the excess proceeds. It is noted that an estate was opened for Clifford to pursue a wrongful death case which yielded no recovery. A Rhode Island estate tax return was filed which indicated no estate taxes were due and the estate tax lien from Rhode Island was discharged and said discharge was recorded. Counsel for the petitioner attempted to contact the Internal Revenue Service for confirmation of this but was only able to receive confirmation that no federal estate tax return had been filed and, therefore, no federal estate taxes are due at this time. The petitioner asserts however that, as Rhode Island is a so-called piggy-back estate tax state, if no estate taxes were due in Rhode Island, there should be no federal estate taxes due either. For purposes of

completeness, counsel for the petitioner did contact the firm that handled the wrongful death suit and who also filed the Rhode Island estate tax return to see if they could provide a copy of that return and was told that they do not retain such files as they don't do probate anymore.

Capital One is a party this action in that they have a judgment against Lori Joslin for a credit card in the sum of $4,160.47 plus statutory interest. Judgment entered on August 5, 2005. Capital One served an execution on Lori which was returned unsatisfied and they levied on the subject premises on September 9, 2005. Therefore, the petitioner believes that they must be satisfied from any interest Lori may have. They are represented by E. Martin Stutchfield, who has entered and filed an answer in this case.

Lori, to date, has not filed an answer. Counsel for the petitioner, in an attempt to clarify any confusion on Lori's part, notified Lori by phone and letter that counsel for the petitioner represents that bank and not her. Counsel has also made it abundantly clear that she must do retain counsel and respond as she likely has some claim to the surplus funds as sole title holder at the time of foreclosure.

## ISSUES

The petitioner wished to make it clear that it has no claim to these excess proceeds, except to the extent of reasonable costs and attorney's fees expended in pursuit of this interpleader action. It has always been, and remains, the intention of the petitioner to deposit said excess funds (minus its costs and attorney's fees) into the Registry of the Court until such time as the court issues an order with regard to their disposition.

To date, as the only other party to file an answer has been counsel for Capital One, no information and/or documents have been formally exchanged and no discovery

has been conducted. As far as the petitioner is concerned, the remaining issues in dispute are really three fold:

1. Are federal estate taxes due? Again, the petitioner thinks the answer is in the negative because none were due in Rhode Island and RI is a piggy-back estate tax state. As such, taxes would have to have been due in Rhode Island if they were due federally.

2. Does Barbara Joslin have any claim to the funds based on some sort of constructive trust? The petitioner asserts that this would be up to her to allege and prove, as counsel for the petitioner has nothing in his possession that indicates that this is the case. However, if Lori does not enter and respond, there will be no one to contest any such contention which Barbara may make.

3. If Lori doesn't enter and Barbara claims it all, what happens to Capital One and its claim against the proceeds based upon the execution against Lori that they levied on the property?

Again, the petitioner asserts that it is not a party on any of these issues, as it has filed this interpleader action only to bring the parties together for a judicial determination of their respective interests in the excess funds referred to hereinabove.

WASHINGTON MUTUAL BANK
Plaintiff
By its attorney,

/S/ Mark L. Smith
Mark L. Smith (#0676)
Park Square Place
176 Eddie Dowling Highway
Suite 101

No. Smithfield, RI 02896
Telephone: (401) 769-4120
Facsimile: (401) 597-0997

**CERTIFICATION**

I, **Mark L. Smith**, certify that on December 12, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

**E. Martin Stutchfield**
Winograd, Shine & Zacks
123 Dyer Street
Providence, RI 02903
273-8300
Fax: 273-2235
Email: emstutchfield@wszlaw.com

/s/ Mark L. Smith
Mark L. Smith, Esquire